PASSANT, Plaintiff-Appellee, v. NEW CENTRAL MARKET, Inc., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22436. Decided June 23, 1952.

Paul Mancino, Cleveland, for plaintiff-appellee.
Thompson, Hine & Flory, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the 9th District; METCALF, J, of the 4th District sitting by designation.)

### OPINION

By HUNSICKER, PJ.:

In this appeal on questions of law from a judgment on a jury verdict in the Municipal Court of Cleveland, the appellant makes the following assignments of error:

"1. The Trial Court erred in rejecting testimony offered by Defendant.

"2. The Trial Court erred in refusing to direct a verdict for Defendant.

"3. The Trial Court erred in overruling Defendant's motion for new trial on the ground that the verdict was contrary to the evidence and the law.

"4. The Trial Court erred in entering judgment for Plaintiff and against Defendant."

Counsel for the appellant also discusses one other point in his brief, to-wit, "The deficiency in the charge of the Court," although it is not assigned as error on the part of the trial court.

The bill of exceptions discloses that the appellee, herein called Passant, rented a stall in the market operated by the appellant, herein called Central Market, on a month to month tenancy. Passant was also a holder of one Class B, $500.00 par value share of stock in Central Market. The Central Market had an option to repurchase such share of stock for $500.00 if Passant desired to sell it.

Passant told Central Market he wished to sell his stall and thereafter found a buyer by the name of Burke who operated another stall in the same market. Burke and Passant agreed on a price of $5,000.00 plus an amount to cover the cost of merchandise inventory that Passant had on hand. Burke paid to Central Market the sum of $5,000.00, paid to Passant the amount of the merchandise inventory and took possession of the stall on June 1, 1950.

There is nothing in the record to show why the $5,000.00 was paid to Central Market except the inference that the Central Market wished to determine the responsibility of its tenants and exercise a control of the products such tenants sold. Passant was not told at or before the transfer of the stall to Burke that he must surrender to Central Market his stock for the right to sell his stall.

Two weeks or more after June 1st, when Burke took over the stall, Passant asked Central Market for his money and was told that he must bring in his stock certificate and then he would receive his payment for the sale to Burke.

Passant took the certificate to the Central Market, indorsed and gave such certificate to Central Market, and received a check from it for $5,000.00. This check carried on the reverse side the following statement—"Payment in full for stand and equipment on Stall No. 47. This releases The New Central Market, Inc. from all claims present and future concerning stand No. 47 and stock certificate No. B 78." This check was dated June 26, 1950.

Passant said that he could not read the statement on the

reverse side of the check, although he later stated that with the aid of glasses, he could read. He endorsed and cashed the check. A few days after cashing the check, he called on Central Market and asked for payment for his stock. This payment was refused and he was then told that the $5,000.00 which Burke paid for his stall also included payment for the stock.

Passant insists that he gave his certificate of stock to Central Market in order to get the money Burke paid for the stall and in the belief that Central Market wanted this stock to hold pending Passant taking over another stall.

It is clear from the record that Central Market did not make as a condition of the sale to Burke a requirement that the certificate of stock owned by Passant be transferred to it.

Counsel for Central Market sought to establish the sale price of other stalls in the market and the trial court rejected such evidence. We believe the trial court was correct in so ruling.

The sale price of other licenses to operate a stall had no bearing on the matter in issue in the instant case. The amount of profit Passant was making in selling his stall had no relation to the merits of this case.

The evidence does not show that the surrender of the stock certificate and release which Passant made when he endorsed the check were freely and voluntarily given. He was in a position where Central Market had a large sum of money which was rightfully the property of Passant and in order to get it he was required to give up his valuable stock certificate. The entire matter presents a situation analogous to the payment of a smaller sum than the amount due in satisfaction of a claim for a larger amount which is then due and which larger sum is definite and ascertained.

There is no accord and satisfaction herein as pleaded in the amended answer of the Central Market. There was no dispute as to what Burke paid Central Market and no dispute as to the amount Passant was to receive if Central Market wished to exercise its option to repurchase the stock owned by Passant. See **Yin v. Amino Products Co., 141 Oh St 21.**

The trial court properly overruled the motion for a directed verdict.

The charge of the court covered the point both counsel insist was the main issue, that is, was Passant paid for his stock? The charge could have been amplified, but neither party requested additional instructions and, although we would have liked a more complete charge, the court gave sufficient instructions to present the matter to the jury.

We have examined all claimed errors and find none prejudicial to the substantial rights of the appellant. Judgment affirmed. Exceptions noted. O. S. J.